IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON F. DEAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>DR. SHARFENBERG, et al.,<br><br>    Defendants.<br>_____ | 1:12-cv-00648-AWI-GSA-PC<br><br>ORDER FINDING PLAINTIFF INELIGIBLE TO PROCEED IN FORMA PAUPERIS IN THIS ACTION AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL<br><br>ORDER FOR CLERK TO CLOSE CASE |

Alton F. Dean ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee for this action or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

---

[1] The Court takes judicial notice of 2:98-cv-00717-LKK-DAD-PC Dean v. Sullivan (E.D. Cal.) (dismissed for failure to state a claim on 03/22/1999); 1:00-cv-05522-AWI-DLB-PC Dean v. Melching, et al. (E.D. Cal.) (dismissed for failure to state a claim on 10/26/2000); 2:02-cv-01122-LKK-GGH-PC Dean v. Blanas (E.D. Cal.) (dismissed for failure to state a claim

1

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.[2] <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). While the complaint alleges that Defendants have denied Plaintiff the medication he has been taking, Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury. Thus, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is ineligible to proceed in forma pauperis in this action;

2. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full; and

5. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   August 3, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

on 03/06/2003); 2:04-cv-00058-LKK-GGH-PC <u>Dean v. Parsons</u> (E.D. Cal.) (dismissed for failure to state a claim on 03/21/2005); 1:09-cv-00852-SMS-PC <u>Dean v. Cavagnaro, et al.</u> (E.D. Cal.) (dismissed for failure to state a claim on 10/21/2009); and 2:10-cv-00672-GGH-PC <u>Dean v. Street</u> (E.D. Cal.) (dismissed for failure to state a claim on 04/09/2010).

[2] While Plaintiff alleges that he is under "imminent danger" because defendants are withholding medical treatment for his "permanent wheelchair-bound hemiplegic condition ... which may cause his life-span to be shortened if left untreated," the gravamen of Plaintiff's Complaint is that he suffers from a bladder infection and seizures, and medical staff violated the Eighth Amendment by decreasing his pain and seizure medications. (Complaint, Doc. 1.) Plaintiff alleges that as a result of the decrease in his medications, he has suffered from "unceasing intolerable pain" for the past two months and has experienced a seizure. <u>Id.</u> Plaintiff also requests extra toilet paper, a wedge pillow, and cleanser for his catheter exchange equipment. <u>Id.</u> Under these facts, Plaintiff fails to make a showing that he was under imminent danger of serious physical injury at the time he filed the Complaint. <u>Id.</u> The Court expresses no opinion on the merits of Plaintiff's claims.

2